**United States District Court**
**Northern District of Texas**
**Dallas Division**

| | |
|---|---|
| Kenneth L. Reed, M.D., Neuro Stim Technologies, LLC, Reed Migraine Center of Texas, PLLC, St. Jude Pain Centers, LLC, and KLR Holdings, LP,<br><br>*Plaintiffs*<br><br>v.<br><br>John Doe 1, subscriber assigned IP address 2600:1700:e00:7530:64fc:9223:81f9:2a33,<br><br>John Doe 2, subscriber assigned IP address 2600:1700:e00:7530:6176:4f52:3097:7f78,<br><br>John Doe 3, subscriber assigned IP address 2600:1700:e00:7530:c85b:bfac:47a8:643b,<br><br>John Doe 4, subscriber assigned IP address 2600:1700:e00:7530:b543:fc35:d6b8:7c6d,<br><br>John Doe 5, subscriber assigned IP address 47.184.20.178,<br><br>John Doe 6, subscriber assigned IP address 2600:1700:e00:7530:8ff:494a:c018:b754,<br><br>John Doe 7, subscriber assigned IP address 2600:1700:e00:7530:7122:7dda:7ba5:a71c,<br><br>and<br><br>John Doe 8, subscriber assigned IP address 2600:1700:e00:7530:34b3:f100:d0ce:eaa8,<br><br>*Defendants* | Case No. ________________ |

# Plaintiffs' Original Complaint

Plaintiffs Kenneth L. Reed, M.D. ("Dr Reed"), Neuro Stim Technologies, LLC ("NST"), Reed Migraine Center of Texas, PLLC ("RMC"), St. Jude Pain Centers, LLC ("St. Jude"), and KLR Holdings, LP ("KLR") file this Original Complaint against the following Defendants:

- John Doe 1, subscriber assigned IP address 2600:1700:e00:7530:64fc:9223:81f9:2a33;
- John Doe 2, subscriber assigned IP address 2600:1700:e00:7530:6176:4f52:3097:7f78;
- John Doe 3, subscriber assigned IP address 2600:1700:e00:7530:c85b:bfac:47a8:643b;
- John Doe 4, subscriber assigned IP address 2600:1700:e00:7530:b543:fc35:d6b8:7c6d;
- John Doe 5, subscriber assigned IP address 47.184.20.178;
- John Doe 6, subscriber assigned IP address 2600:1700:e00:7530:8ff:494a:c018:b754;
- John Doe 7, subscriber assigned IP address 2600:1700:e00:7530:7122:7dda:7ba5:a71c; and
- John Doe 8, subscriber assigned IP address 2600:1700:e00:7530:34b3:f100:d0ce:eaa8.

Plaintiffs bring claims against the foregoing Defendants for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) *et seq.*, and the Stored Communications Act, 18 U.S.C. §§ 2701, 2707(a). Plaintiffs state the following in support:

## STATEMENT OF THE CASE

Dr. Reed is a renowned Dallas-based anesthesiologist specializing in treatment of patients throughout the United States for severe migraine headaches, other chronic pain conditions, and pain management. His entities—NST, RMC, St. Jude, and KLR—provide essential marketing and medical services that facilitate direct patient access to and care under the "Reed Procedure." Currently, Defendants are unknown persons or entities that have engaged in various illegal, unauthorized actions against Plaintiffs. Defendants' identities, locations, and residences are currently unknown except for their respective IP Addresses assigned by their Internet Service Providers ("ISP")—AT&T Internet Services ("AT&T") and Frontier Communications ("Frontier").

In October 2024, Defendants intentionally targeted and accessed Plaintiffs' Dropbox Account, which contains protected health information ("PHI"), as well as Plaintiffs' intellectual property, trade secrets, and other proprietary business information. Through this unauthorized intrusion, Defendants unlawfully downloaded and viewed confidential files and electronic communications. This breach not only jeopardized patient privacy but also compromised the security and competitive edge of Plaintiffs' business. These actions constitute violations of Plaintiffs' data privacy and intellectual property rights, injuring Plaintiffs and risking further harm to Plaintiffs' reputation, business operations, and patient care. Accordingly, Defendants' unauthorized activity compels Plaintiffs to bring this lawsuit to identify and hold Defendants accountable for their unauthorized and malicious conduct.

## PARTIES

1. Plaintiff Kenneth L. Reed, M.D. is an individual residing in Texas.

2. Plaintiff Neuro Stim Technologies, LLC is a Texas limited liability company with its principal place of business located in Texas.

3. Plaintiff Reed Migraine Center of Texas, PLLC is a Texas professional limited liability company with its principal place of business located in Texas.

4. Plaintiff St. Jude Pain Centers, LLC is a Texas limited liability company with its principal place of business located in Texas.

5. Plaintiff KLR Holdings, LP is a Texas limited partnership with its principal place of business located in Texas.

6. Plaintiffs can currently only identify Defendant John Doe 1 by their Internet Protocol addresses ("IP Address"), which is 2600:1700:e00:7530:64fc:9223:81f9:2a33. John Doe 1's ISP, AT&T, can provide their name and address.

7. Plaintiffs can currently only identify Defendant John Doe 2 by their IP address, which is 2600:1700:e00:7530:6176:4f52:3097:7f78. John Doe 2's ISP, AT&T, can provide their name and address.

8. Plaintiffs can currently only identify Defendant John Doe 3 by their IP address, which is 2600:1700:e00:7530:c85b:bfac:47a8:643b. John Doe 3's ISP, AT&T, can provide their name and address.

9. Plaintiffs can currently only identify Defendant John Doe 4 by their IP address, which is 2600:1700:e00:7530:b543:fc35:d6b8:7c6d. John Doe 4's ISP, AT&T, can provide their name and address.

10. Plaintiffs can currently only identify Defendant John Doe 5 their IP address, which is 47.184.20.178. John Doe 5's ISP, Frontier, can provide their name and address.

11. Plaintiffs can currently only identify Defendant John Doe 6 by their IP address, which is 2600:1700:e00:7530:8ff:494a:c018:b754. John Doe 6's ISP, AT&T, can provide their name and address.

12. Plaintiffs can currently only identify Defendant John Doe 7 by their IP address, which is 2600:1700:e00:7530:7122:7dda:7ba5:a71c. John Doe 7's ISP, AT&T, can provide their name and address.

13. Plaintiffs can currently only identify Defendant John Doe 8 by their IP address, which is 2600:1700:e00:7530:34b3:f100:d0ce:eaa8. John Doe 8's ISP, AT&T, can provide their name and address.

## JURISDICTION AND VENUE

14. The Court has jurisdiction over the subject matter of this action because this Complaint includes claims arising under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) *et seq*. ("CFAA"), and the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701, 2707(a). The Court therefore has jurisdiction pursuant to at least 28 U.S.C. § 1331.

15. According to the Dropbox audit logs, Defendants' IP addresses were traced to at least two of AT&T and Frontier's respective cities and regions in Texas—Carrollton and Arlington, Texas—which are located within this District. Therefore, the Court has personal jurisdiction over Defendants at least because (1) they reside in Texas; (2) their misconduct occurred in Texas, was directed into Texas, and was intended to damage Plaintiffs in Texas; and/or (3) Defendants have engaged in substantial—and not isolated—business activity in this state.

16. Venue is proper in this District under at least 28 U.S.C. § 1391(b)(2).

## BACKGROUND

### 1. Plaintiffs utilize a Dropbox account containing PHI and other trade secrets and confidential business information for their marketing and medical services.

17. Dr. Reed is recognized for inventing, developing, and pioneering the "Reed Procedure," a minimally invasive, combined supraorbital and occipital nerve stimulation procedure that revolutionized the treatment of severe, chronic migraine headaches. Dr. Reed's procedure and services have been extensively recognized for their success, with over 1,000 procedures completed at an 80% success rate.

18. Over the past 30 years, Plaintiffs, along with multiple related companies, have become the leading authorities on neurostimulator implantable therapies for chronic migraines. Dr. Reed owns and operates NST, which specializes in advocating for patient access to innovative technologies and advanced procedures, including the Reed Procedure. To that end, NST partners with top facilities, including Dr. Reed's other entities: RMC, St. Jude, and KLR. Specifically, NST is the marketing arm of RMC, a Dallas-based medical practice that connects patients suffering from severe migraines and chronic pain with a network of internationally recognized pain management

experts, who then provide patients direct access to the Reed Procedure. For years, NST has been the central point of contact for thousands of patients worldwide.

19. NST is a subscriber to a HIPAA-certified, encrypted, and password-protected cloud-based Dropbox account (the "Dropbox Account"). Dr. Reed, RMC, St. Jude, and KLR are authorized users of the Dropbox Account. This Dropbox Account is only accessible to Plaintiffs, along with specific NST employees, who access the Dropbox Account through a username and password tied to their work email addresses. Plaintiffs maintain the passwords' privacy and do not provide means to access the Dropbox Account to any other third parties without the approval of Plaintiffs.

20. Plaintiffs utilize the Dropbox Account as their cloud-based file repository and collaboration platform. Plaintiffs use the Dropbox Account to store, send, and receive certain PHI of Dr. Reed's patients. The Dropbox Account also contains Plaintiffs' intellectual property, trade secrets, and other proprietary business information related to Plaintiffs' marketing and provision of health services to patients. It also stores the years-long accumulation of Plaintiffs' other proprietary business, legal, and personal information.

**2. John Does 1–8 accessed the Dropbox Account without Plaintiffs' authorization.**

21. In early October 2024, Plaintiffs discovered unknown IP Addresses subscribed to Defendants that accessed and downloaded Plaintiffs' files and communications stored on the Dropbox Account. These accessed files contain PHI of Dr. Reed's patients, Plaintiffs' financial and accounting information, marketing strategies, insurance billing, manuals, and Plaintiffs' other proprietary business information.

22. For example, on October 3, 2024 at 11:02 am (EDT),[1] one of the Defendants, without authorization, gained access to an employee's email account to reset that employee's Dropbox

[1] The Dropbox audit log used GMT-4, which is a time offset that is 4 hours behind Greenwich Mean Time (GMT). This time zone is commonly referred to as Eastern District Time (EDT).

password.[2] This action appears to have been taken to access, obtain, download, and share files and communications stored on the Dropbox Account. Plaintiffs did not consent to this Defendant's access or authorize any access to other third parties at this time.

23. A Dropbox audit log shows the following activity occurred on October 3:

a. At 11:04 am (EDT), **John Doe 1** accessed the Dropbox Account, and between 11:04 am and 11:08 am (EDT), downloaded and previewed files containing proprietary marketing materials, insurance billing, vendor invoices, expense receipts, and other confidential business information;

b. At 11:55 am (EDT), **John Doe 2** accessed the Dropbox Account through an active website session;

c. At 12:03 pm (EDT), **John Doe 3** accessed the Dropbox Account, and between 12:40 pm and 12:56 pm (EDT), downloaded and previewed files related to Plaintiffs' proprietary business valuations, financial information, marketing materials, and flow charts for prospective patients; and

d. At 1:33 pm (EDT), **John Doe 4** accessed the Dropbox Account, changed the IP address associated with the web session, and signed out at 1:43 pm (EDT). A few hours later, at 4:08 pm (EDT), John Doe 4 signed back into Dropbox and downloaded and previewed files related to patient medical records containing PHI, as well as Plaintiffs' proprietary marketing budget, procedures and strategies, vendor costs, and payroll records.[3]

24. Then, the same NST employee received an email from Dropbox notifying her that **John Doe 5** attempted to log in to the Dropbox Account using her login credentials near Carrollton, Texas, on October 3 at 11:25 pm (CDT).[4]

25. A few days later on October 7, **John Doe 6** accessed the Dropbox Account through an active website session. The next morning, the same NST employee was notified that **John Doe 7** attempted to access the Dropbox Account using the employee's login credentials near Arlington, Texas, on October 8 at 9:20 am (CDT).[5]

---

[2] *See* Ex. 1, Oct. 3, 2024 email from Dropbox re: password reset; *see also* Ex. 2, Oct. 3, 2024 email from Dropbox re: password change successful.

[3] See Ex. 3, Dropbox Audit Log

[4] *See* Ex. 4, Oct. 4, 2024 email from Dropbox re: attempted login.

[5] *See* Ex. 5, Oct. 8, 2024 email from Dropbox re: attempted login.

26. Finally, according to the Dropbox audit log, on October 10 from 1:18 pm to 1:45 pm (EDT), **John Doe 8** accessed the Dropbox Account, and previewed and downloaded files that contain financial and accounting information, proprietary marketing materials, clinical procedures, patient medical instructions, insurance billing and appeals, patient coordinator resources, business operating procedures, invoices, and expense receipts.[6]

27. The files and electronic communications accessed by Defendants are not only valuable to Plaintiffs and their business, but also involve PHI. Thus, any unauthorized access of that information can substantially harm and impact Dr. Reed's medical treatment and care for his patients and Plaintiffs' business operations.

28. As a result of Defendants' actions, Plaintiffs have been damaged and incurred a loss through Defendants' unauthorized and intentional actions. Plaintiffs have incurred lost revenue, costs, and other damages due to interruptions of Dr. Reed's and RMC's medical practices and Plaintiffs' business operations. Plaintiffs have also expended substantial costs and resources to investigate and remediate Defendants' actions, including retaining counsel and a forensic expert to attempt identification of Defendants through their IP Addresses. To date, Plaintiffs were only able to trace the identity of Defendants' ISPs, which is AT&T for John Does 1–4 and 6–8, and Frontier for John Doe 5.

## CAUSES OF ACTION

**Count 1: Violation of the CFAA, 18 U.S.C. § 1030 (a)(2)(C).**

29. Plaintiffs incorporate by reference the preceding paragraphs.

30. The CFAA provides a private right of action by any person who suffers damage or loss as a result of a defendant's unauthorized actions so long as such violation involves, among others, (i) loss to one or more persons during any one-year period aggregating at least $5,000 in value; (ii) the modification or impairment, or potential modification or impairment, of the medical

---

6 *See* Ex. 3, Dropbox Audit Log.

examination, diagnosis, treatment, or care of one or more individuals; (iii) physical injury to any person; or (iv) a threat to public health or safety.[7]

31. Under 18 U.S.C. § 1030(a)(2)(C), the CFAA prohibits a defendant from "intentionally access[ing] a computer without authorization . . . and thereby obtain[ing] . . . information from any protected computer."

32. The Dropbox Account constitutes a "computer" and "protected computer" under 18 U.S.C. § 1030(e)(1) and (2). It resides on Plaintiffs' protected computers, which are connected to the internet, that are used in or affect interstate commerce. Specifically, Plaintiffs utilize the Dropbox Account to support their marketing efforts and medical practice management, which includes providing patients suffering from severe migraines and chronic pain with direct access to a qualified, nationwide network of physicians performing the Reed Procedure.

33. As described above, Defendants intentionally accessed the Dropbox Account—which is password-protected—without authorization and/or by exceeding the limits of authorization to Plaintiffs' computers to misappropriate Plaintiffs' trade secrets and other confidential information, including PHI. Specifically, Defendants accessed documents and files containing confidential PHI, financial and accounting information, and proprietary marketing materials and strategies, insurance billing and appeals information, clinical procedures and patient instructions, business operations and manuals, workflows, and analyses belonging to Plaintiffs. The Dropbox Account accessed by Defendants were, at all times relevant to this allegation, connected to and utilizing the internet as part of Plaintiffs' ordinary course of business, including their treatment of out-of-state patients.

34. Defendants' actions directly resulted in Defendants obtaining PHI, as well as Plaintiffs' valuable intellectual property, trade secrets, and other confidential information from the Dropbox Account.

[7] 18 U.S.C. § 1030(g) (citing § 1030(c)(4)(A)(i)(I)-(IV)).

35. Defendants' actions resulted in a loss to Plaintiffs during any one-year period aggregating at least $5,000 in value and further resulted in the potential modification or impairment of the medical examination, diagnosis, treatment, or care of one or more of RMC's and/or Dr. Reed's patients.

36. As a direct and proximate cause of Defendants' unauthorized access, Plaintiffs have suffered damage or loss, including (i) impairment to the integrity or availability of its data; (ii) reasonable costs incurred by Plaintiffs in responding to the offense, including the hiring of a computer forensics expert and counsel to respond to and investigate the damage incurred by the unauthorized access; and (iii) revenue lost, costs incurred, and other consequential damages incurred because of interruptions to RMC's medical practices and provision of health care services. Accordingly, Plaintiffs are entitled to compensatory damages for the amount of all such damage or loss suffered.

37. Plaintiffs are further entitled to, and seek, equitable relief available under the CFAA, including the issuance of a permanent injunction.

**Count 2: Violation of the SCA, 18 U.S.C. §§ 2701, 2707(a)**

38. Plaintiffs incorporate by reference the preceding paragraphs.

39. 18 U.S.C. § 2701(a)(1), the SCA punishes those who intentionally access without authorization a facility through which an electronic communication service is provided—or intentionally exceed an authorization to access that facility—and thereby obtain, alter, or prevent authorized access to a wire or electronic communication while it is in electronic storage in such system.

40. The files stored on the Dropbox Account are "electronic communications" within the meaning of 18 U.S.C. § 2510(12) as they are transfers of writing, images, data, or intelligence of any nature transmitted in whole or in part by a wire, radio, electromagnetic, photoelectronic or photooptical system that affects interstate commerce.

41. The Dropbox Account is a facility through which an "electronic communication service" is provided, within the meaning of 18 U.S.C. §§ 2510(15), (17). Plaintiffs utilize the Dropbox Account as a cloud-based storage service to send, receive, and back up electronic communications.

42. Defendants intentionally and willfully accessed without authorization a facility (i.e., the Dropbox Account) through which an electronic communication service is provided, and intentionally exceeded authorization to access the Dropbox Account, and thereby obtained unauthorized access to an electronic communication while it was in electronic storage of such system.

43. Defendants' actions have caused harm to Plaintiffs. Namely, Defendants' actions have injured NST (the subscriber of the Dropbox Account) and the other Plaintiffs (the Dropbox Account's authorized users), all of whom own, store, and communicate the trade secrets and confidential business information, including PHI, within the Dropbox Account accessed by Defendants.

44. Defendants engaged in this misconduct to obtain commercial advantage and private commercial gain.

45. As a direct and proximate cause of Defendants' actions, Plaintiffs suffered damages and irreparable harm. Plaintiffs seek their actual damages, attorneys' fees, costs, and punitive damages.

## PUNITIVE DAMAGES

46. Plaintiffs incorporate by reference the preceding paragraphs.

47. Under 18 U.S.C. § 2707(c), because Defendants' violations were willful or intentional, the Court may assess punitive damages.

## ATTORNEYS' FEES

48. Plaintiffs incorporate by reference the preceding paragraphs.

49. Plaintiffs retained counsel to represent them in this action and agreed to pay reasonable and necessary attorneys' fees. Plaintiffs also hired a forensic expert and agreed to pay

reasonable costs for the forensic expert to investigate Defendants' identities and actions described above. Accordingly, Plaintiffs are entitled to recover attorneys' fees and costs under 18 U.S.C. §§ 2707(b)(3) and (c).

## DEMAND FOR JURY TRIAL

50. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

Plaintiffs pray that the Court enter judgment awarding them the following relief against Defendants:

A. Actual damages;

B. Permanent injunctive relief;

C. Punitive damages;

D. Attorneys' fees and expenses;

E. Costs;

F. Pre- and post-judgment interest; and

G. All other relief Plaintiffs are entitled to.

November 18, 2024

Respectfully submitted,

**GRIFFITH BARBEE PLLC**

/s/ *Casey Griffith*

Casey Griffith
Texas Bar No. 24036687
Casey.Griffith@griffithbarbee.com

Michael Barbee
Texas Bar No. 24082656
Michael.Barbee@griffithbarbee.com

Ashley Norton
Texas Bar No. 24105886
Ashley.Norton@griffithbarbee.com

Joshua Yun
Texas Bar No. 24120335
Joshua.Yun@griffithbarbee.com

One Arts Plaza
1722 Routh St., Ste. 910
Dallas, Texas 75201
(214) 446-6020 | main
(214) 446-6021 | fax

**Counsel for Plaintiffs**