IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH L. REED, M.D., ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:24-cv-2895-E |
| | § | |
| JOHN DOE 1, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER GRANTING
<u>MOTION TO SET ASIDE ENTRY OF DEFAULT</u>**

The Court referred Defendants Kiron Healthcare Management LLC, Kiron Capital, LLC, US Migraine Centers, LLC, Confidas Health System, LLC, and Greg Hackney's motion to set aside entry of default [Dkt. No. 21] to the undersigned United States magistrate judge for hearing, if necessary, and final determination under 28 U.S.C. § 636(b)(1), *see* Dkt. No. 27; *see also Nash v. FOXO Techs. Inc.*, 348 F.R.D. 210, 211 n.1 (S.D.N.Y. 2025) ("A motion to set aside entry of default is subject to disposition by a Magistrate Judge as a nondispositive pretrial motion under 28 U.S.C. § 636(b)(1)(A)." (citation omitted)); *Heaggins v. Thomas*, CV419-024, 2022 WL 22212530, at \*2 n.1 (S.D. Ga. Mar. 21, 2022) (same; collecting cases).

Plaintiffs Kenneth L. Reed, M.D., Neuro Stim Technologies, LLC, Reed Migraine have responded. *See* Dkt. Nos. 23 & 24. And Defendants have filed a reply brief. *See* Dkt. Nos. 25 & 26.

The Court GRANTS Defendants' motion for the reasons set out below.

Under Federal Rule of Civil Procedure 55(c), "[t]he court may set aside an entry

of default for good cause, and it may set aside a final default judgment under Rule 60(b)." FED. R. CIV. P. 55(c).

"The language of this rule is discretionary, and 'the decision to set aside a default is committed to the sound discretion of the trial court.'" *Moreno v. LG Elecs., USA, Inc.*, 800 F.3d 694, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)).

And, as this language implies, "the standard for setting aside a default decree is less rigorous than setting aside a judgment for excusable neglect." *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 753 F.3d 521, 544 n.20 (5th Cir. 2014) (quoting *United States v. One Parcel of Real Prop.*, 763 F.2d 181, 183 (5th Cir. 1985)).

"To decide if good cause exists, courts consider three non-exclusive factors: 'whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented.'" *Koerner v. CMR Constr. & Roofing, L.L.C.*, 910 F.3d 221, 225 (5th Cir. 2018) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000)); *see also Chinese Drywall*, 753 F.3d at 545 (observing that "courts may also consider factors identified in [Federal Rule of Civil Procedure] 60(b)" but "need not consider all of [these] factors," as "the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of good cause" (cleaned up; quoting *In re OCA, Inc.*, 551 F.3d 359, 369 (5th Cir. 2008))).

"The burden of showing good cause lies with the party challenging the default entry." *Sindhi v. Raina*, 905 F.3d 327, 332 (5th Cir. 2018) (quoting *Effjohn Int'l Cruise Holdings, Inc. v. A & L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003)).

Even so, "[d]efaults are 'generally disfavored.'" *Koerner*, 910 F.3d at 225 (quoting *Mason & Hanger-Silas Mason Co. v. Metal Trades Council of Amarillo, Tex. & Vicinity, AFL-CIO*, 726 F.2d 166, 168 (5th Cir. 1984)).

And, so, "[u]nless it appears that no injustice results from the default, relief should be granted." *Id.* (quoting *OCA*, 551 F.3d at 370-71).

But "[a] finding of willful default ends the inquiry, for 'when the court finds an intentional failure of responsive pleadings there need be no other finding.'" *Lacy*, 227 F.3d at 292 (quoting *Dierschke*, 975 F.2d at 184); *see also id.* at 292 n.5 ("By contrast, willful evasion of process is not grounds to support entry of default judgment." (citation omitted)).

Accepting the timeline as set out in Plaintiffs' opposition to the motion, after the parties non-suited a related state-court case and subsequent mediation failed, Plaintiffs filed their first amended complaint. *See* Dkt. No. 24 at 5.

And, after the entity Defendants' deadline to respond to that pleading lapsed, counsel for Defendants in the state-court litigation and counsel for Plaintiffs agreed to extend Defendants' response deadline to December 15, 2025. *See id.* Defendants' current counsel then reached out to Plaintiffs' counsel to discuss this case on December 12, 2025 and left a message. *See id.*; *but cf.* Dkt. No. 26 (declarations from Defendants countering that, when this call was made, counsel had yet to be retained and was not retained until January 7, 2026; regardless, Plaintiffs' counsel did not return the call).

Defendants moved for entry of default on December 22, 2025, and the Clerk

entered default the same day. *See* Dkt. Nos. 19 & 20.

And, on January 9, 2026, Defendants moved to set aside default and answered the first amended complaint. *See* Dkt. Nos. 21 & 22.

Considering this timeline, the Court cannot find willful default but does find good cause under Rule 55(c).

"A willful default is an 'intentional failure' to respond to litigation." *OCA*, 551 F.3d at 371 n.32. "Put another way, willfulness involves 'choosing to play games' by failing to act." *Full Harvest Techs., Inc. v. Mayan Farmers Produce, LLC*, No. 7:25-CV-0223, 2025 WL 3050226, at \*3 (S.D. Tex. Sept. 18, 2025) (quoting *Sw. Bell Tel. Co. v. Raza Telecom, Inc.*, No. 3:13-cv-1621-P, 2013 WL 11330884, at \*2 (N.D. Tex. Nov. 22, 2013) (quoting *Dierschke*, 975 F.2d at 183)), *rec. accepted*, 2025 WL 3130768 (S.D. Tex. Nov. 7, 2025).

The record here does not demonstrate impermissible willful gamesmanship where an answer was filed 25 days after the deadline. *Cf. Raza Telecom*, 2013 WL 11330884, at \*2 ("[T]he Court is not persuaded that Defendants' failure to answer within twenty-one days was willful. Defendants' conduct falls short of 'cho[osing] to play games' with the court by failing to act.").

This record also does not demonstrate the requisite degree of prejudice to Plaintiffs.

As the United States Court of Appeals for the Fifth Circuit has held as to this factor, "mere delay does not alone constitute prejudice." *Lacy*, 227 F.3d at 293 ("There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm

to plaintiff except to require it to prove its case. It has decided nothing against it except that it cannot continue to hold the sweeping [relief] it obtained ... without a trial and by default. All that ... has [been] done is to give the defendants their day in court.'" (quoting *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960))); *see also Stelax Indus., Ltd. v. Donahue*, No. 3:03-cv-923-M, 2004 WL 733844, at *10 (N.D. Tex. Mar. 25, 2004) ("Had the Court's docket allowed the Court to rule sooner on … Defendants' Motion to Set Aside Clerk's Entry of Default, the prejudice to Plaintiff resulting from delay in the disposition of [this motion] would have been even more modest. That delay is not the result of the parties' conduct.").

And Defendants have demonstrated meritorious defenses, as reflected in the affirmative defenses set out in their answer to the first amended complaint (and further explained in a declaration in support of their motion to set aside). *See* Dkt. No. 22 at 14-16; Dkt. No. 26, Ex. 2; *see also* Dkt. No. 21 at 5-9.

> Whether a meritorious defense exists "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist a Pro. Corp. v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008). The focus and "underlying concern," is "whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d at 373. Thus, to succeed in setting aside a default judgment, a defendant need establish that it has a "fair probability of success on the merits." *Federal Savings and Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067, 1069 (5th Cir. 1988).

*Mo. Sugars, LLC v. Cake Craft Factory, LLC*, No. 3:24-cv-1359-L, 2025 WL 678542, at *3 (N.D. Tex. Mar. 3, 2025).

This showing is made through the answer itself. And, so – although Plaintiffs have not moved for leave to file a sur-reply, to the extent that Defendants' reply offers

- 5 -

new evidence, the Court need not rely on it to find a meritorious defense – or that good cause has been demonstrated more generally. *Cf. Ga. Firefighters' Pension Fund v. Anadarko Petroleum Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) ("Ordinarily, sur-replies are 'heavily disfavored,' and the decision to allow a sur-reply lies within the district court's discretion," "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence." (quoting *Butler v. S. Porter*, 999 F.3d 287, 297 (5th Cir. 2021))).

In sum, the Court GRANTS Defendants' motion [Dkt. No. 21] and SETS ASIDE the Clerk's entry of default [Dkt. No. 20].

SO ORDERED.

DATED: May 5, 2026

 

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE